IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  07 C 6779 |
| | ) |
| SIMOS CARTAGE CO., INC., et al., | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM</u>

Key Equipment Finance, Inc. ("Key") has just filed this action against Simos Cartage Co., Inc. ("Cartage") and the individual guarantors of Cartage's obligations under several truck equipment leases.  This memorandum is issued sua sponte to address a subject that, though it may bear on the amount of Key's recovery if it proves successful in the litigation, does not endanger the existence of subject matter jurisdiction (which is based on diversity of citizenship and the requisite amount in controversy).

Although some of the exhibits to the Complaint are so miniaturized as to make it impossible to read the already fine print of the Vehicle Finance Agreements ("Agreements") on which Key sues, this Court assumes that each of them conforms to Complaint Ex. C, which <u>is</u> legible.  Paragraph 11 of the Terms and Conditions of that Agreement defines the remedies available in case of default, and they include this provision:

> If you are in default, at our election, we can
> accelerate and require that you pay, as reasonable

liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to the total of (i) accrued and unpaid amounts, and (ii) the remaining Payments.

Despite that characterization as to "liquidated damages," this Court's understanding of the relevant caselaw is that a provision for full acceleration of future lease payments without being discounted to their present value amounts to an unenforceable penalty rather than liquidated damages--in that respect, see, e.g., <u>Lake River Corp. v. Carborundum Co.</u>, 769 F.2d 1284, 1289-90 (7th Cir. 1985) and the numerous Illinois cases cited there and, more recently, opinions by this Court applying the same analysis to equipment leases (<u>Gen. Elec. Capital Corp. v. Laser Hair Removal, Inc.</u>, 97 F.Supp.2d 1210 (N.D. Ill. 2000) is an example). Accordingly, as and when this action may be reduced to judgment, Key's counsel will be expected to justify its recovery in the full amounts set out in the Complaint. In the meantime this Court is contemporaneously its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 4, 2007