UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE INC. | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     CASE NO.    07-CV-6779 |
| | ) |
| **v.** | ) |
| | ) |
| SIMOS CARTAGE CO., INC. and | ) |
| CORNELIUS SIMOS, individually and | ) |
| CORNELIO SIMOS, Sr. individually | ) |
| | ) |
| **Defendants.** | ) |

**NOTICE OF MOTION FOR DEFAULT JUDGMENT**

To:    See Attached Service List


PLEASE TAKE NOTICE THAT on the 5th day of March, 2008, at 9:15 a.m., we shall appear before the Judge presiding in Room <u>2303</u> at the Everett McKinley Dirksen Building, 219 South Dearborn St., Chicago, Illinois, 60604, and then and there present Plaintiff's Motion for Default Judgment, a copy of which is attached hereto and herewith served upon you.


<u>/s/      Maysoun B. Iqal           </u>
Maysoun B. Iqal


Patricia E. Rademacher
Maysoun B. Iqal (005855)
COSTON & RADEMACHER
Attorneys for Plaintiff
105 W. Adams, Suite 1400
Chicago, Illinois  60603
Telephone:  (312) 205-1010

## SERVICE LIST

Simos Cartage Co., Inc.
385 Cimarron Dr. W.
Aurora, IL 60504

Cornelius Simos
385 Cimarron Dr. W.
Aurora, IL 60504

Cornelio Simos, Sr.
2655 Wheatfield Ct.
Aurora, IL 60502

## CERTIFICATE OF MAILING

      I, Maysoun B. Iqal, an attorney, certify that I served a copy of this notice and the above-referenced document on the persons to whom it is directed, at the addresses shown above, by placing same in the U.S. Mail depository at 105 W. Adams St., Suite 1400, Chicago, IL 60603, at or before 5:00 p.m. on this 29th day of February, 2008, with proper postage prepaid.


            /s/     Maysoun B. Iqal
                 Maysoun B. Iqal


Patricia E. Rademacher
Maysoun B. Iqal (005855)
COSTON & RADEMACHER
Attorneys for Plaintiff
105 W. Adams, Suite 1400
Chicago, Illinois 60603
Telephone: (312) 205-1010

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEY EQUIPMENT FINANCE INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.    07-CV-6779** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIMOS CARTAGE CO., INC. and** | ) | |
| **CORNELIUS SIMOS, individually and** | ) | |
| **CORNELIO SIMOS, Sr. individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff, KEY EQUIPMENT FINANCE INC. ("KEY"), by and through

its attorneys COSTON & RADEMACHER, and moves this Court, pursuant to Fed. R. Civ. Pro.

55, for entry of a Judgment by Default against Defendants, SIMOS CARTAGE CO., INC.

("CARTAGE"), CORNELIUS SIMOS ("CORNELIUS"), individually and CORNELIO SIMOS

SR. ("CORNELIO"), individually, as follows:

1.

Key filed a complaint on December 3, 2007, against the above named Defendants, Cartage,

Cornelius and Cornelio.  Said complaint requested a judgment in the amount of $108,011.22.

2.

Said complaint and an accompanying summons were served upon all Defendants on December

19, 2007.  A true and correct copy of the Summons and Return of Service is attached hereto as

Exhibit "A" and incorporated herein by reference.

3.

Pursuant to Fed. R. Civ. P. 4, the time for the filing of an answer has passed.  Twenty (20) days

have passed since service on said Defendants, and said Defendants have not filed an Appearance,

and have not answered or otherwise pleaded to Plaintiff's Complaint.

4.

In accordance with Fed. R. Civ. P. 55(b)(2), Plaintiff files this motion for entry of default by the

Court.

5.

Defendants are not infants, incompetent or in military service, as averred in attached Exhibit

"B."

6.

A review of the docket indicates that no response to the complaint filed on December 3, 2007,

has been made. Plaintiff's counsel avers that the complaint was served on the Defendants at the

addresses listed on the summons and that upon information and belief, there has been no change

of address for Defendants.  Accordingly, Plaintiff asserts that the defendant's failure to plead or

otherwise defend said complaint, said failure having been made to appear by the accompanying

affidavit, warrants the Court's entry of default judgment against these Defendants.

7.

Based on the Affidavit of Plaintiff attached hereto as Exhibit "C," Plaintiff is owed damages as

designated in the Complaint and also as described below:

    (i)     A total of at least $108,011.22, based on CARTAGE's breach of its

contracts with Plaintiff and CORNELIUS and CORNELIO's breach of their guaranty's with

Plaintiff whereby KEY agreed to finance and deliver certain equipment to CARTAGE, and

CORNELIUS and CORNELIO, for their part, agreed to pay KEY for such equipment. KEY performed its obligations pursuant to the contracts by, among other things, providing financing and delivery of the equipment. By February 10, 2007, CARTAGE defaulted under the Agreement by failing to remit payments due to KEY as described in the attached Affidavit of Plaintiff; plus

        (ii)     Fees.   $4,005.25 (see attached Affidavit of Fees and Costs)

        (iii)    Costs. A total of at least $906.45 in costs (see attached Affidavit of Fees and Costs);

        WHEREFORE, Plaintiff, KEY EQUIPMENT FINANCE INC., prays for the entry of an order in favor of Plaintiff and against Defendants, SIMOS CARTAGE CO., INC., CORNELIUS SIMOS, individually, and CORNELIO SIMOS, SR., individually, adjudging said Defendants in default for their failure to answer or otherwise plead to the Complaint, and for entry of judgment by default against Defendants, SIMOS CARTAGE CO., INC., CORNELIUS SIMOS, individually, and CORNELIO SIMOS, SR., individually, in the amount of $112,922.92 and for such further legal and equitable relief as this Honorable Court may deem just and appropriate.

        Respectfully submitted,

        KEY EQUIPMENT FINANCE INC.

By:    /s/    Maysoun B. Iqal
              Maysoun B. Iqal

Patricia E. Rademacher
Maysoun B. Iqal (005855)
COSTON & RADEMACHER
Attorneys for Plaintiff
105 W. Adams, Suite 1400
Chicago, Illinois 60603
Telephone: (312) 205-1010



AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

KEY EQUIPMENT FINANCE INC.

V.

SIMOS CARTAGE CO., INC.
CORNELIUS SIMOS
CORNELIO SIMOS, SR.

07CV6779
JUDGE SHADUR
MAGISTRATE JUDGE NOLAN

MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

CORNELIO SIMOS, SR.
2655 WHEATFIELD CT.
AURORA IL 60502

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MAYSOUN IQAL
COSTON & RADEMACHER
105 W. ADAMS, SUITE 1400
CHICAGO, IL 60603

an answer to the complaint which is herewith served upon you, within _____ -30 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(BY) DEPUTY CLERK

DEC 0 3 2007

DATE



EXHIBIT
A

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE *12-19-07* |
|---|---|
| NAME OF SERVER *(PRINT)* *Anthony Ortocail* | TITLE *Process Server* |

Check one box below to indicate appropriate method of service

G  Served personally upon the defendant.  Place where served: _____

_____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: *MRS Simos*

G  Returned unexecuted: *F/W/Black HR / 5-7-1*

_____

**FILED**

Jan 2, 2008

JAN 0 2 2008

G  Other (specify): _____

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *12-19-07*           _____
                 Date                      Signature of Server

*221 N. LoSalle ST 1100*
Address of Server
*Chgo IL 60601*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 1:07-cv-06779   Document 10   Filed 01/02/2008   Page 1 of 2 

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

KEY EQUIPMENT FINANCE INC.

V.

SIMOS CARTAGE CO., INC.
CORNELIUS SIMOS
CORNELIO SIMOS, SR.

CA

07CV6779

As JUDGE SHADUR

D₁ MAGISTRATE JUDGE NOLAN

M

TO: (Name and address of Defendant)

SIMOS CARTAGE CO., INC.
385 CIMARRON W DR.
AURORA IL 60504
ATTN: CORNELIUS SIMOS

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MAYSOUN IQAL
COSTON & RADEMACHER
105 W. ADAMS, SUITE 1400
CHICAGO, IL 60603

an answer to the complaint which is herewith served upon you, within _____ 30  20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

DEC 0 3 2007

DATE

**EXHIBIT**

A

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | *12-19-07* |

| NAME OF SERVER *(PRINT)* *Anthony DeMarco* | TITLE *Process server* |
|---|---|

Check one box below to indicate appropriate method of service

G  Served personally upon the defendant.  Place where served: _____

_____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: *Mrs. Simos   wife*

G  Returned unexecuted: *F/w /28/45/ 5'-6" / 110/45*

_____

**FILED**

*Jan 2, 2008*
JAN 0 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

G  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *12-19-07*
_____ Date        Signature of Server

*22 N. LaSalle ST /100*
_____ Address of Server

*Chgo Il 60601*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

KEY EQUIPMENT FINANCE INC.

V.

SIMOS CARTAGE CO., INC.
CORNELIUS SIMOS
CORNELIO SIMOS, SR.

CA̶ 07CV6779

AS̶ JUDGE SHADUR

DE̶ MAGISTRATE JUDGE NOLAN

MA̶

TO: (Name and address of Defendant)

CORNELIUS SIMOS
385 CIMARRON DR W
AURORA IL 60504

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

MAYSOUN IQAL
COSTON & RADEMACHER
105 W. ADAMS, SUITE 1400
CHICAGO, IL 60603

an answer to the complaint which is herewith served upon you, within _____ 3Q 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

(By) DEPUTY CLERK

DEC 0 3 2007

DATE

**EXHIBIT**

_A_

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12-19-07 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Anthony DiTolano | Process server |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

X  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Mrs Sims - Wife

G  Returned unexecuted: F/W/ 28yrs/ 5-5-/ 140/65

F I L E D

Jan 2, 2008
JAN 0 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

G  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12-19-07
                    Date                    Signature of Server

221 N. LaSalle ST 1100
                    Address of Server
Chgo IL 60601

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KEY EQUIPMENT FINANCE INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.    07-CV-6779** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIMOS CARTAGE CO., INC. and** | ) | |
| **CORNELIUS SIMOS, individually and** | ) | |
| **CORNELIO SIMOS, Sr. individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT PURSUANT TO FED. R. CIV. P. 55**

**NOW COMES** Maysoun B. Iqal, counsel for the Plaintiff, KEY EQUIPMENT FINANCE INC.,
and respectfully shows the Court:
(1) that the summons accompanying the instant complaint was issued on December 3, 2007;
(2) that the complaint was served on all Defendants on December 19, 2007;
(3) that due to service of process on December 19, 2007, Defendants, pursuant to Fed. R. Civ. P.
4, had until January 8, 2008, to file an answer;
(4) that the Defendants are not infants or incompetent persons;
(5) that none of the Defendants have appeared in this action;
(6) that upon information and belief, none of the Defendants are members of the United States
Armed Services; and
(7) that counsel has reviewed the docket, and that said review indicates that no response to the
complaint filed on December 3, 2007, has been made, and, furthermore, counsel avers that the
time for the filing of an answer appears to have expired pursuant to Fed. R. Civ. P. 4.

Sworn under penalty of perjury this 29th day of February, 2008.

/s/ *Maysoun Iqal*

Maysoun B. Iqal (005855)
COSTON & RADEMACHER
Attorneys for Plaintiff
105 W. Adams, Suite 1400
Chicago, Illinois 60603
Telephone: (312) 205-1010

**EXHIBIT
B**

*Edward P. Golitko*

OFFICIAL SEAL
**EDWARD P. GOLITKO**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-10-2008

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEY EQUIPMENT FINANCE INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.    07-CV-6779** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SIMOS CARTAGE CO., INC. and** | ) | |
| **CORNELIUS SIMOS, individually and** | ) | |
| **CORNELIO SIMOS, Sr. individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT OF PLAINTIFF**

**NOW COMES** the Affiant, Sal Boscia, Senior Litigation Coordinator for KEY EQUIPMENT FINANCE INC. ("KEY"), the Plaintiff herein, who, being first duly sworn, on oath says and deposes:

1.      This Affidavit is made on Affiant's personal knowledge and examination of Plaintiff's books, records, and files, including computer records, and that if Affiant was sworn as a witness for trial of the above-entitled cause he would competently testify the following facts:

2.      Affiant is Sr. Litigation Coordinator for the Plaintiff herein, KEY, and is qualified to attest to the compilation of debts of Defendants, SIMOS CARTAGE CO., INC. ("CARTAGE"), CORNELIUS SIMOS ("CORNELIUS"), individually and CORNELIO SIMOS SR. ("CORNELIO"), individually.



3.      On or about November 2, 2006, CARTAGE entered into a Vehicle Finance Agreement #01264577 ("Agreement No. 1") with KEY for the lease of a 1999 Mack CH613 truck. VIN ending 108849. A true and correct copy of Agreement No. 1 is attached to the complaint.

4.      On or about November 22, 2006, CARTAGE entered into a Vehicle Finance Agreement #01267897 ("Agreement No. 2") with KEY for the lease of 2002 Mack CX613 VIN ending 012575 and a 2002 Mack CX613 VIN ending 012571. A true and correct copy of Agreement No. 2 is attached to the complaint.

5.      On or about November 7, 2006, CARTAGE entered into a Vehicle Finance Agreement #1259456 ("Agreement No. 3") with KEY for the lease of 2003 KW T2000 truck, VIN ending 888019. A true and correct copy of Agreement No. 3 is attached to the complaint.

6.      CORNELIUS and CORNELIO signed as Guarantors on Agreements I, II and III. A true and correct copy of the guaranties is incorporated into each Agreement as attached to the complaint.

7.      CARTAGE ultimately breached Agreements I, II and III (Agreements I, II and III are referred to collectively hereinafter as the "Agreements") in that CARTAGE ceased making monthly payments to KEY as required by the Agreements.

8.      CORNELIUS and CORNELIO ultimately breached the Agreements in that CORNELIUS and CORNELIO failed to provide payment on CARTAGE's behalf as required by the guaranties to each Agreement.

9.      Pursuant to the terms of the Agreements, KEY was contractually entitled to, among other things, accelerate the entire balance due under the Agreements, and to take possession of the Agreement I Equipment, the Agreement II Equipment and the Agreement III Equipment (the Agreement I, II and III Equipment is referred to collectively hereinafter as the "Equipment") without

referring such repossession to adjudication.

10.    As a consequence of the foregoing breach, KEY filed suit against CARTAGE, CORNELIUS and CORNELIO in the above-captioned matter on December 3, 2007, for breach of the Agreements by CARTAGE, CORNELIUS and CORNELIO, requesting judgment in the minimum amount of $108,011.22, plus accruing interest, late fees, legal costs and attorneys' fees, based on CARTAGE, CORNELIUS and CORNELIO's breach of their Agreements with Plaintiff whereby KEY agreed to finance and deliver certain equipment to CARTAGE, and CARTAGE, CORNELIUS and CORNELIO, for their parts, agreed to pay KEY for such equipment.

11.    On Agreement I, Plaintiff suffered damages in the amount of $19,182.36, which includes the past due unpaid balance of $10,758.70; plus (b) the accelerated balance of all amounts due under Agreement I, discounted to present value, totaling $12,562.96; plus (c) late charges totaling $860.70; less (d) $5,000.00 in sale proceeds from repossession and sale of the vehicle, plus accruing interest, legal costs, and attorneys' fees.

12.    On Agreement II, Plaintiff suffered damages in the amount of $50,688.09, which includes the past due unpaid balance of $23,714.40; plus (b) the accelerated balance of all amounts due under Agreement II, discounted to present value, totaling $44,811.68; (c) late charges totaling $1,162.01; less (d) $19,000.00 in sale proceeds from repossession and sale of the vehicles, plus accruing interest, legal costs, and attorneys' fees.

13.    On Agreement III, Plaintiff suffered damages in the amount of $38,140.77, which includes the past due unpaid balance of $15,527.00; plus (b) the accelerated balance of all amounts due under Agreement III, discounted to present value, totaling $43,371.61; (c) late charges totaling $1,242.16; less (d) $22,000.00 in sale proceeds from repossession and sale of the vehicles, plus accruing interest, legal costs, and attorneys' fees.

14.     The above sums have been requested from CARTAGE, CORNELIUS and CORNELIO on numerous occasions, but CARTAGE, CORNELIUS and CORNELIO have failed and refused to pay such sums or any part thereof although payment has been demanded of CARTAGE, CORNELIUS and CORNELIO by KEY.

15.     Plaintiff now claims, in addition to the foregoing amounts: (a) attorney's fees and costs as outlined in the Affidavit of Fees and Costs.

16.     **FURTHER AFFIANT SAYETH NAUGHT.**

Sal Boscia, Senior Litigation Coordinator
Key Equipment Finance Inc.

Subscribed and sworn to before me
this 28th day of February, 2008.

Notary Public

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEY EQUIPMENT FINANCE INC.   )
       )
    Plaintiff,   )
       )    CASE NO.   07-CV-6779
       )
v.       )
       )
SIMOS CARTAGE CO., INC. and   )
CORNELIUS SIMOS, individually and   )
CORNELIO SIMOS, Sr. individually   )
       )
    Defendants.   )

## AFFIDAVIT OF PLAINTIFF'S FEES AND COSTS

**NOW COMES** MAYSOUN B. IQAL ("Affiant"), who, being first duly sworn, on oath states and deposes as follows:

1.     Affiant is an associate attorney with the law firm of COSTON & RADEMACHER, P.C., attorney of record for the Plaintiff, KEY EQUIPMENT FINANCE INC. ("KEY EQUIPMENT"). If Affiant were sworn as a witness regarding the procedural history of the above-entitled cause, she would competently testify the facts relating thereto.

2.     As of February 29, 2008, Patricia E. Rademacher had incurred 3.35 hours on the above-captioned matter. Patricia E. Rademacher is a partner at COSTON & RADEMACHER, and bills at a rate of $275.00 per hour, for a total of $921.25.

3.     As of February 29, 2008, Maysoun B. Iqal had incurred 14.85 hours on the above-captioned matter. Maysoun B. Iqal is an associate attorney at COSTON & RADEMACHER, and bills at a rate of $200.00 per hour, for a total of $2,970.00.



EXHIBIT
D

4.    As of February 29, 2008, 1.2 hours of clerks' time had been incurred on the above-captioned matter.    COSTON & RADEMACHER bills its clerks at a rate of 95.00 per hour, for a total of $114.00.

5.    Therefore, as of February 13, 2008, the total actual and projected time incurred on this matter amounted to at least $4,005.25 (see attached).    An additional $906.45 has been incurred to date as legal costs (see attached).

6.    **FURTHER AFFIANT SAYETH NOT**.

Maysoun B. Iqal

Subscribed and Sworn to before me
this 29th day of February, 2008.

Notary Public

OFFICIAL SEAL
EDWARD P. GOLITKO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-10-2008

| File | Trans Date | Atty | H P | Tcd | Rate | Hours Worked | Hours to Bill | Amount | | Ref # |
|------|-----------|------|-----|-----|------|--------------|---------------|--------|---|------|
| **File ID 6914.182440 Key Equipment Finance Inc.** | | | | | | | | | | |
| 6914.182440 | 10/22/2007 | 27 | A | 29 | 275.00 | 1.00 | 1.00 | 275.00 | Review documents; open file; draft letters, etc. | ARCH |
| 6914.182440 | 10/23/2007 | 27 | A | 29 | 275.00 | 0.20 | 0.20 | 55.00 | Forward draft demands for Jonathan's review. | ARCH |
| 6914.182440 | 10/25/2007 | 27 | A | 29 | 275.00 | 0.30 | 0.30 | 82.50 | Revise and finalize demand letters. | ARCH |
| 6914.182440 | 11/08/2007 | 10 | A | 29 | 95.00 | 0.20 | 0.20 | 19.00 | Attempt to contact Cornelio Simos at listed telephone number. | ARCH |
| 6914.182440 | 11/15/2007 | 10 | A | 29 | 95.00 | 0.20 | 0.20 | 19.00 | Attempt to contact Cornelio Simos who claims he will respond today to demand letter. | ARCH |
| 6914.182440 | 11/19/2007 | 27 | A | 29 | 275.00 | 0.70 | 0.70 | 192.50 | Email to client - filing suit; draft Complaint. | ARCH |
| 6914.182440 | 11/27/2007 | 4 | A | 29 | 200.00 | 0.75 | 0.75 | 150.00 | Review of file. | ARCH |
| 6914.182440 | 11/28/2007 | 4 | A | 29 | 200.00 | 4.40 | 4.40 | 880.00 | Preparation of Complaint. | ARCH |
| 6914.182440 | 11/29/2007 | 4 | A | 29 | 200.00 | 1.00 | 1.00 | 200.00 | Legal research on Joinder of Claims. | ARCH |
| 6914.182440 | 11/29/2007 | 4 | A | 29 | 200.00 | 0.50 | 0.50 | 100.00 | Revision of Complaint. | ARCH |
| 6914.182440 | 11/30/2007 | 4 | A | 29 | 200.00 | 1.50 | 1.50 | 300.00 | Revision of Complaint; prepare for filing. | ARCH |
| 6914.182440 | 12/03/2007 | 9 | A | 56 | 95.00 | 0.50 | 0.50 | 47.50 | File Suit US District Court for the Northern District of Illinois 07 C 6779 Judge Shadur Magistrate Judge Nolan | ARCH |
| 6914.182440 | 12/04/2007 | 27 | A | 29 | 275.00 | 0.50 | 0.50 | 137.50 | Review / revise Complaint. | ARCH |
| 6914.182440 | 12/04/2007 | 27 | A | 29 | 275.00 | 0.25 | 0.25 | 68.75 | Forwarded copies of filed Complaint. | ARCH |
| 6914.182440 | 12/05/2007 | 4 | A | 29 | 200.00 | 1.20 | 1.20 | 240.00 | Revision of Complaint. | ARCH |
| 6914.182440 | 12/05/2007 | 4 | A | 29 | 200.00 | 0.50 | 0.50 | 100.00 | Legal research on present value and lease acceleration. | ARCH |
| 6914.182440 | 12/19/2007 | 4 | A | 29 | 200.00 | 0.50 | 0.50 | 100.00 | Review for Service, review Judge's Order of December 15, 2007. | ARCH |
| 6914.182440 | 01/02/2008 | 4 | A | 29 | 200.00 | 0.50 | 0.50 | 100.00 | Review for service; contact chambers re: 26 (F) report. | ARCH |
| 6914.182440 | 01/02/2008 | 9 | A | 56 | 95.00 | 0.30 | 0.30 | 28.50 | File 3 Affidavits of Service  US District Court  07 CV 6779 | ARCH |
| 6914.182440 | 01/21/2008 | 4 | A | 29 | 200.00 | 0.50 | 0.50 | 100.00 | Prepare for hearing. | ARCH |
| 6914.182440 | 01/22/2008 | 4 | A | 29 | 200.00 | 1.80 | 1.80 | 360.00 | Attend Status hearing; email to client re: outcome of hearing - Judge granted additional time to answer. | ARCH |
| 6914.182440 | 02/05/2008 | 27 | P | 29 | 275.00 | 0.40 | 0.40 | 110.00 | Review email from Sal; email to Sal re: service and status. | 36 |
| 6914.182440 | 02/11/2008 | 4 | P | 29 | 200.00 | 1.30 | 1.30 | 260.00 | Preparation of Motion for Default Judgment. | 37 |
| 6914.182440 | 02/13/2008 | 4 | P | 29 | 200.00 | 0.40 | 0.40 | 80.00 | Revision of and completion of Motion for Default Judgment. | 38 |

| Total for File ID 6914.182440 | | | Billable | | | 19.40 | 19.40 | 4005.25 | Key Equipment Finance Inc. Simos Cartage Co., Inc. |
|---|---|---|---|---|---|---|---|---|---|

### GRAND TOTALS

| | Billable | | 19.40 | 19.40 | 4005.25 |
|---|---|---|---|---|---|

| File | Trans Date | Atty | H P | Tcd | Rate | Amount | | Ref # |
|------|-----------|------|-----|-----|------|--------|--|-------|
| **File ID 6914.182440 Key Equipment Finance Inc.** | | | | | | | | |
| 6914.182440 | 10/30/2007 | 10 | A | 45 | | 1.23 | Postage charges. | ARCH |
| 6914.182440 | 10/30/2007 | 10 | A | 45 | | 0.41 | Postage charges. | ARCH |
| 6914.182440 | 11/29/2007 | 10 | A | 43 | 110.960 | 110.96 | Westlaw legal research usage | ARCH |
| 6914.182440 | 11/30/2007 | 10 | A | 23 | | 350.00 | Filing fee- Complaint | ARCH |
| 6914.182440 | 11/30/2007 | 10 | A | 37 | 0.200 | 27.60 | Copier | ARCH |
| 6914.182440 | 12/03/2007 | 10 | A | 37 | 0.200 | 0.60 | Copier | ARCH |
| 6914.182440 | 12/03/2007 | 10 | A | 37 | 0.200 | 4.80 | Copier | ARCH |
| 6914.182440 | 12/06/2007 | 10 | A | 37 | 0.200 | 30.00 | Copier | ARCH |
| 6914.182440 | 12/28/2007 | 10 | A | 23 | | 200.00 | Paralegal Service - Service x 3 - Summons & Complaint | ARCH |
| 6914.182440 | 12/28/2007 | 10 | A | 37 | 0.200 | 3.60 | Copier | ARCH |
| 6914.182440 | 12/31/2007 | 10 | A | 62 | 0.750 | 2.25 | Pacer Service Center/on-line bankruptcy information. | ARCH |
| 6914.182440 | 01/24/2008 | 10 | A | 23 | | 175.00 | Paralegal Service - Service Order | ARCH |

Total for File ID 6914.182440          Billable          906.45  Key Equipment Finance Inc.
Simos Cartage Co., Inc.

**GRAND TOTALS**

Billable          906.45

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEY EQUIPMENT FINANCE INC.    )
                                )
    **Plaintiff,**               )
                                )    **CASE NO.**    **07-CV-6779**
                                )
**v.**                                )
                                )
**SIMOS CARTAGE CO., INC. and**    )
**CORNELIUS SIMOS, individually and**    )
**CORNELIO SIMOS, Sr. individually**    )
                                )
    **Defendants.**           )

## CERTIFICATE OF SERVICE

To:    Simos Cartage Co., Inc.               Cornelius Simos
        385 Cimarron Dr. W.             385 Cimarron Dr. W.
        Aurora, IL 60504                 Aurora, IL 60504

        Cornelio Simos, Sr.
        2655 Wheatfield Ct.
        Aurora, IL 60502

      I, Maysoun B. Iqal, an attorney, certify that I served a copy of this Motion for Default Judgment, to whom it is directed, at the address shown above, by causing said document to be placed into a properly addressed envelope and depositing the same in the U.S. Mail depository at 105 W. Adams, Chicago, Illinois 60603, with proper postage prepaid, at or before 5:00 p.m. on February 29th, 2008.

                          /s/     Maysoun B. Iqal
                                 Maysoun B. Iqal

Patricia E. Rademacher
Maysoun B. Iqal (005855)
COSTON & RADEMACHER
Attorneys for Plaintiff
105 W. Adams, Suite 1400
Chicago, Illinois 60603
Telephone: (312) 205-1010